[709 NYS2d 326]

In the Matter of GREGORY J. BUSHORR, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 16, 2000

#### APPEARANCES OF COUNSEL

*Daniel A. Drake*, Rochester, for petitioner.
*Gregory J. Bushorr*, respondent *pro se*.

#### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1973, and maintained an office for the practice

of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from the conduct of his real estate practice. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report that the Grievance Committee moves to confirm and respondent moves to vacate or modify.

The Referee found that respondent: failed to supervise adequately a paralegal in his employ; neglected a real estate matter by, among other things, failing to discharge an existing mortgage in a timely manner; failed to maintain clients' funds; commingled personal funds with clients' funds; failed to maintain required records; and represented multiple parties in a real estate transaction without proper disclosure to them and without obtaining their informed consent.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-104 (c) (22 NYCRR 1200.5 [c])—failing to supervise adequately a nonlawyer employee;

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment when the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected, or when it would be likely to involve him in representing differing interests;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling clients' funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly funds in his possession that a client or third person is entitled to receive; and

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We note that respondent has previously received four Letters of Caution for similar misconduct. We have also considered the lack of candor of respondent at the hearing and at his ap-

pearance before this Court, as well as his lack of remorse for his serious misconduct. Accordingly, we conclude that he should be suspended for two years and until further order of the Court.

PIGOTT, P. J., GREEN, HAYES, HURLBUTT and LAWTON, JJ., concur.

Order of suspension entered.