[737 NYS2d 719]

In the Matter of DAVID A. GAESSER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 21, 2001

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Francis B. Mahan,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on March 16, 1995, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his real estate practice. Respondent filed an answer denying material allegations of the petition and raising matters in mitigation. A Referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. After a hearing on mitigation, the Referee filed a report, which the Grievance Committee moves to confirm.

Respondent's admissions establish that respondent failed to supervise adequately a paralegal in his employ, neglected four real estate cases by failing in each case to discharge an existing mortgage in a timely manner, failed to maintain client funds, and failed to maintain required bank account records.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 1-104 (c) (22 NYCRR 1200.5 [c])—failing to supervise adequately the work of a nonlawyer employee;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting legal matters entrusted to him;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts; and

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts.

We have considered the matters submitted by respondent in mitigation. We note, however, that the misconduct of respondent entailed his failure to supervise a paralegal whom he continued to employ after learning that the paralegal and another attorney had engaged in misconduct similar to the misconduct herein (*see, Matter of Bushorr,* 274 AD2d 107) and after the paralegal had admitted to him that she had forged checks drawn on an attorney trust account. Moreover, as a result of respondent's failing to maintain and preserve client funds, more than $110,000 in client funds remain unaccounted for. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended for a

period of three years and until further order of the Court. Additionally, we direct respondent to make restitution in accordance with the order entered herewith.

GREEN, J. P., PINE, HAYES, SCUDDER and BURNS, JJ., concur.

Order of suspension and restitution entered.